# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>370 Elm Street, Mechanic Falls, ME 04256<br>Mortgage:<br>May 31, 2007 |
| David M. Yeaton | Book 7158, Page 174 |
| **Defendant** | |
| National City Bank | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, David M. Yeaton, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant, David

M. Yeaton, is the obligor and the total amount owed under the terms of the Note is One Hundred Ninety Nine Thousand Six and 82/100 ($199,006.82) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation organized under the laws of the State of Oklahoma, with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, David M. Yeaton, is a resident of Mechanic Falls, County of Androscoggin and State of Maine.

6. The Party-in-Interest, National City Bank, is located at 1900 East Ninth Street, Suite 2101, Cleveland, OH 44114.

## FACTS

7. On December 3, 2004, by virtue of a Warranty Deed from David M. Yeaton, which is recorded in the Androscoggin County Registry of Deeds in **Book 6170, Page 32**, the property situated at 370 Elm Street, Mechanic Falls, County of Androscoggin, and State of Maine, was conveyed to the Defendant, David M. Yeaton, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On May 31, 2007, the Defendant, David M. Yeaton, executed and delivered to American Brokers Conduit a certain Note in the amount of $135,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. On April 2, 2019, the Defendant, David M. Yeaton, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit C (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

10. The Demand Letter informed the Defendant, David M. Yeaton, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit C.

11. The Defendant, David M. Yeaton, failed to cure the default prior to the expiration of the Demand Letter.

12. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

13. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note.

14. National City Bank is a Party-in-Interest pursuant to a Mortgage in the amount of $34,000.00 dated June 13, 2007, and recorded in the Androscoggin County Registry of Deeds in **Book 7169, Page 11** and is in second position behind Plaintiff's mortgage.

15. The total debt owed under the Note as of June 14, 2019, is One Hundred Ninety Nine Thousand Six and 82/100 ($199,006.82) Dollars, which includes Unpaid Principal Balance in the amount of One Hundred Thirty Six Thousand Nine Hundred Fourteen and 71/100

($136,914.71) Dollars; Accrued Interest in the amount of Thirty Three Thousand Nine Hundred Sixty Seven and 18/100 ($33,967.18) Dollars; Escrow/Impound Required in the amount of Twenty Thousand Five Hundred Forty Five and 15/100 ($20,545.15); Late Charges Due in the amount of Three Hundred Fourteen and 71/100 ($314.71) Dollars; Total Advances in the amount of Seven Thousand Two Hundred Sixty Five and 07/100 ($7,265.07) Dollars.

16. Upon information and belief, the Defendant, David M. Yeaton, is presently in possession of the subject property originally secured by the Note.

17. The Defendant is not in the Military. *See* Exhibit D (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

## COUNT I – BREACH OF NOTE

18. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 17 as if fully set forth herein.

19. On May 31, 2007, the Defendant, David M. Yeaton, executed and delivered to American Brokers Conduit a certain Note in the amount of $135,000.00. *See* Exhibit B.

20. The Defendant, David M. Yeaton, is in default for failure to properly tender the May 1, 2013 payment and all subsequent payments. *See* Exhibit C.

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, David M. Yeaton.

22. The Defendant, David M. Yeaton, having failed to comply with the terms of the Note, is in breach of the Note.

23. The Defendant David M. Yeaton's breach is knowing, willful, and continuing.

24. The Defendant David M. Yeaton's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

25. The total debt owed under the Note as of June 14, 2019, is One Hundred Ninety Nine Thousand Six and 82/100 ($199,006.82) Dollars, which includes Unpaid Principal Balance in the amount of One Hundred Thirty Six Nine Hundred Fourteen and 71/100 ($136,914.71) Dollars; Accrued Interest in the amount of Thirty Three Thousand Nine Hundred Sixty Seven and 18/100 ($33,967.18) Dollars; Escrow/Impound Required in the amount of Twenty Thousand Five Hundred Forty Five and 15/100 ($20,545.15); Late Charges Due in the amount of Three Hundred Fourteen and 71/100 ($314.71) Dollars; Total Advances in the amount of Seven Thousand Two Hundred Sixty Five and 07/100 ($7,265.07) Dollars.

26. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT II – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

27. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 26 as if fully set forth herein.

28. By executing, under seal, and delivering the Note, the Defendant, David M. Yeaton, entered into a written contract with American Brokers Conduit who agreed to loan the amount of $135,000.00 to the Defendant. *See* Exhibit B.

29. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to American Brokers Conduit, and has performed its obligations under the Note.

30. The Defendant, David M. Yeaton, breached the terms of the Note by failing to properly tender the May 1, 2013, payment and all subsequent payments. *See* Exhibit C.

31. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, David M. Yeaton.

32. The Defendant, David M. Yeaton, having failed to comply with the terms of the Note, is in breach of contract.

33. The Defendant, David M. Yeaton, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of One Hundred Ninety Nine Thousand Six and 82/100 ($199,006.82) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendant.

34. Defendant David M. Yeaton's breach is knowing, willful, and continuing.

35. Defendant David M. Yeaton's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

36. The total debt owed under the Note as of June 14, 2019, is One Hundred Ninety Nine Thousand Six and 82/100 ($199,006.82) Dollars, which includes Unpaid Principal Balance in the amount of One Hundred Thirty Six Thousand Nine Hundred Fourteen and 71/100 ($136,914.71) Dollars; Accrued Interest in the amount of Thirty Three Thousand Nine Hundred Sixty Seven and 18/100 ($33,967.18) Dollars; Escrow /Impound Required in the amount of Twenty Thousand Five Hundred Forty Five and 15/100 ($20,545.15) Dollars; Late Charges Due fees in the amount of Three Hundred Fourteen and 71/100 ($314.71) Dollars; Total Advances in the amount of Seven Thousand Two Hundred Sixty Five and 07/100 ($7,265.07) Dollars.

37. Injustice can only be avoided by awarding damages for the total amount owed under the Note, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT III – QUANTUM MERUIT

38. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. American Brokers Conduit, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendant, David M. Yeaton, $135,000.00. *See* Exhibit B.

40. The Defendant, David M. Yeaton, is in default for failure to properly tender the May 1, 2013 payment and all subsequent payments. *See* Exhibit C.

41. As a result of the Defendant's failure to perform under the terms of their obligation, the Defendant, David M. Yeaton, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

42. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

43. The total debt owed under the Note as of June 14, 2019, is One Hundred Ninety Nine Thousand Six and 82/100 ($199,006.82) Dollars, which includes Unpaid Principal Balance in the amount of One Hundred Thirty Six Thousand Nine Hundred Fourteen and 71/100 ($136,914.71) Dollars; Accrued Interest in the amount of Thirty Three Thousand Nine Hundred Sixty Seven and 18/100 ($33,967.18) Dollars; Escrow /Impound Required in the amount of Twenty Thousand Five Hundred Forty Five and 15/100 ($20,545.15) Dollars; Late Charges Due fees in the amount of Three Hundred Fourteen and 71/100 ($314.71)

Dollars; Total Advances in the amount of Seven Thousand Two Hundred Sixty Five and 07/100 ($7,265.07) Dollars.

## COUNT IV –UNJUST ENRICHMENT

44. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 43 as if fully set forth herein.

45. American Brokers Conduit, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, David M. Yeaton, $135,000.00. *See* Exhibit B.

46. The Defendant, David M. Yeaton, has failed to repay the loan obligation.

47. As a result, the Defendant, David M. Yeaton, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to American Brokers Conduit by having received the aforesaid benefits and money and not repaying said benefits and money.

48. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

49. The total debt owed under the Note as of June 14, 2019, is One Hundred Ninety Nine Thousand Six and 82/100 ($199,006.82) Dollars, which includes Unpaid Principal Balance in the amount of One Hundred Thirty Six Thousand Nine Hundred Fourteen and 71/100 ($136,914.71) Dollars; Accrued Interest in the amount of Thirty Three Thousand Nine Hundred Sixty Seven and 18/100 ($33,967.18) Dollars; Escrow /Impound Required in the amount of Twenty Thousand Five Hundred Forty Five and 15/100 ($20,545.15) Dollars; Late Charges Due fees in the amount of Three Hundred Fourteen and 71/100 ($314.71) Dollars; Total Advances in the amount of Seven Thousand Two Hundred Sixty Five and 07/100 ($7,265.07) Dollars.

# COUNT V – EQUITABLE MORTGAGE

50. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 49 as if fully set forth herein.

51. The intent of the Defendant, David M. Yeaton, and the original lender, American Brokers Conduit, on May 31, 2007, was to create a mortgage on the property, commonly known as and numbered as 370 Elm Street, Mechanic Falls, ME 04256.

52. This intent is shown by the execution of a Promissory Note dated May 31, 2007 to American Brokers Conduit in the amount of $135,000.00.

53. The value given at the time of the transaction was $135,000.00, which was significantly below the property's value at that time, clearly indicating that it was the intent of the Defendant, David M. Yeaton, and American Brokers Conduit on the date of the transaction, May 31, 2007, that a mortgage be granted on the subject property.

54. The aforesaid Promissory Note, specifically references 370 Elm Street, Mechanic Falls, ME 04256 as the "Property Address."

55. In addition to the aforesaid Promissory Note, Defendant, David M. Yeaton, also executed a Mortgage on May 31, 2007, which referenced the same property address of 370 Elm Street, Mechanic Falls, ME 04256, which was referenced on the aforesaid Promissory Note.

56. The aforesaid Mortgage is arguably unenforceable under current Maine Law pursuant to the *Greenleaf* decision, et al. *See, Bank of America, N.A. v. Greenleaf,* 2014 ME 89, 96A.3d 700 (Me. 2014); *Federal National Mortgage Association v. Deschaine*, 2017 Me. 190, 170 A.3d 230 (Me. 2017); *Pushard v. Bank of America, N.A.*, 175 A.3d 103, 2017 Me. 230 (ME. 2017).

57. This defect is not related to the original execution of the documents, nor the intent of the

Defendant, David M. Yeaton, and American Brokers Conduit, but is due to the chain of title for the aforesaid mortgage under *Greenleaf* and 33 M.R.S. § 508.

58. The issue of an equitable mortgage (or other equitable remedies) is not addressed by *Greenleaf*, or its progeny; *See Deschaine, Fn. 2, Fn 4; Pushard Fn 14*.

59. It was the intent of the Defendant, David M. Yeaton, and American Brokers Conduit at the time of the transaction, as to the Note, that is controlling as to the Court's interpretation of the imposition of an equitable mortgage.

60. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the owner and holder of the subject Promissory Note.

61. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is owner of the equitable interest in the aforesaid mortgage but may arguably not be the record owner of said Mortgage under the *Greenleaf* decision.

62. Equity requires that "what ought to have been done has been done." *See, Smith v. Diplock*, 127 ME 452, 144 A.383, 386 (Me. 1929).

63. When it is the intent of the parties, at the time of the transaction, that there be a mortgage "[t]he real intent governs". *See, Stinchfield v. Milliken,* 71 Me. 567, 570 (1880).

64. The agreement, as memorialized in the various documents referenced herein constitutes an equitable mortgage.

65. For justice to be served, and under the facts and circumstances of this matter, the Court should, and must, impose an equitable mortgage upon the property.

66. The Court's imposition of an equitable mortgage should be under, and pursuant to the statutory terms of applicable Maine Law, including, but not limited to, the rights of redemption, etc. *See, Seaman v. Seaman,* 477 A2d 734 (Me. 1984).

# PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Find that the Defendant, David M. Yeaton, is in breach of the Note by failing to make payment due as of May 1, 2013, and all subsequent payments;

b) Find that the Defendant, David M. Yeaton, entered into a contract for a sum certain in exchange for a loan;

c) Find that the Defendant, David M. Yeaton, is in breach of contract by failing to comply with the terms and conditions of the Note by failing to make the payment due May 1, 2013 and all subsequent payments;

d) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note;

e) Find that by virtue of the money retained by the Defendant, David M. Yeaton has been unjustly enriched at the Plaintiff's expense;

f) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

g) Find that the Defendant, David M. Yeaton, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

h) Find that the Defendant, David M. Yeaton, is liable to the Plaintiff for *quantum meruit*;

i) Find that the Defendant, David M. Yeaton, has appreciated and retained the benefit of the Note and the subject property;

j)  Find that it would be inequitable for the Defendant, David M. Yeaton, to continue to appreciate and retain the benefit of the Note and subject property without recompensing the appropriate value;

k)  Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, David M. Yeaton;

l)  Determine the amount due on said Note, including principal, interest, reasonable attorney's fees and court costs;

m)  Additionally, issue a money judgment against the Defendant, David M. Yeaton, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of One Hundred Ninety Nine Thousand Six and 82/100 ($199,006.82) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

n)  Impose and enforce an equitable mortgage upon the subject property commonly known and numbered as 370 Elm Street, Mechanic Falls, ME 04256 for the benefit of the Plaintiff;

o)  For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
By its attorneys,

Dated: June 19, 2019

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com