UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | CIVIL ACTION NO: 2:19-cv-00279-JDL |
| Plaintiff | MEMORANDUM |
| vs. | RE: 370 Elm Street, Mechanic Falls, ME 04256 |
| David M. Yeaton | Mortgage: May 31, 2007 Book 7158, Page 174 |
| Defendant | |
| National City Bank | |
| Party-In-Interest | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, and submits this Memorandum in support of its position that the Court should grant and authorize an Equitable Mortgage under Count Five of its Complaint.

**PROCEDURAL BACKROUND**

This matter was commenced June 19, 2019, and Proof of Service was filed July 26, 2019. Default was entered against David M. Yeaton on August 20, 2019, (ECF 11). A Motion for Default Judgment was filed September 18, 2019 (ECF 13), which is still pending. On January 14, 2020, the parties held a conference with Judge Levy, and Plaintiff agreed to Brief for the Court Count Five of the Complaint which alleges the existence and enforcement of an "Equitable Mortgage."

**ARGUMENT**

The concept of an Equitable Mortgage has long been recognized by Courts throughout the United States, including the Supreme Court. See, R*ussell v. Suthard,* 53 U.S. 139, 12 How. 139, 1851

1

WL 6634, 13 L.Ed. 927 (1851) and, *U.S. v. Shelby Iron,* 273 U.S. 571, 578, 47 S.Ct. 515, 518, 71 L. Ed. 781 (1927).  It has even been suggested, "[t]his being a suit in equity, and oral evidence being admitted or rejected, not by the mere force of any state statute, but upon the principles of general equity jurisprudence, this court must be governed by its own view of those principles." *Russell* at 147 (citations omitted).

> Maine has clearly and concisely embraced equitable mortgages:
>
>> But the transaction was in equity a mortgage-an equitable mortgage.  The criterion is the intention of the parties…where the intention---- is taken as a security for a debt, it is in equity a mortgage…The real intention governs.

*Stinchfield v. Milliken,* 71 Me. 567, 570 (1880).

This intent is "fixed at its inception" *Smith v. Diplock,* 127 Me. 452, 144 A. 383, 386 (Me. 1929)(citations omitted).  This analysis differentiates an equitable mortgage from the constructive trust discussed in *Beal Bank v. New Century,* 2019 ME 150 (Me. 2019) and *U.S. Bank v. Tuttle,* 2019 WL 6842535, 19-cv-00280-JAW (ME Dist. Ct. 2019).  This is also conceptually different from the analysis found in Maine which arguably began with *Jordan v. Cheney,* 74 Me. 359 (1883) and evolved under *Bank of America v. Greenleaf,* 96 A. 3d 700 (Me. 2014).  The intent here is clear by simply looking at the documents attached to the Complaint.  We have a Note which even references the subject property and a document that attempted to create an enforceable security interest, which in some circumstances (but not those factually present here), would be enforceable under M.R.S.A. Title 33 § 509.

The concept of equitable mortgages has been used in a variety of situations.  *Lewis v. Small,* 71 Me. 552, 553 (Me. 1880)(defective mortgage), *Fulton v. McBurnie,* 134 Me. 6, 180 A. 921 (Me. 1935) (converting a deed to a mortgage), *In Re Morse,* 30 B.R. 52 (1st Cir. BAP) (Me. 1983)(restoration

of mortgage after discharge by mistake) *In Re Nussai*, 565 B.R. 209 (Bkrtcy. D. Puerto Rico 2017)(in the context of a divorce).

It is also clear that no third parties will be harmed by the granting of an equitable mortgage. The Defendant/debtor has failed to appear and the junior lienholder certainly had notice of the recorded documents which are the subject matter of this action.

## **CONCLUSION**

The granting and enforcing of an equitable mortgage is an appropriate *in rem* resolution of this matter (Plaintiff will not seek any personal liability and its relief will solely be limited to the subject real estate) based upon the clear intent of the parties at the inception of this transaction.

Respectfully Submitted
The Plaintiff, by its Counsel,

Dated: March 5, 2020

/s/John A. Doonan
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

**CERTIFICATE OF SERVICE**

I, John A. Doonan, Esq., hereby certify that on this 5th day of March, 2020 I served a copy of the above document by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com

**SERVICE LIST**

David M. Yeaton
370 Elm Street
Mechanic Falls, ME 04256

National City Bank
C/o James M. Garnet, Esq.
Brock & Scott, PLLC
1080 Main Street, Suite 200
Pawtucket, RI 02860