UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., as Trustee for LSF9 Master Participation Trust, <br><br> Plaintiff, <br><br> v. <br><br> DAVID M. YEATON, <br><br> Defendant, <br><br> NATIONAL CITY BANK, <br><br> Party-in-Interest. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    2:19-cv-00279-JDL <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

ORDER

U.S. Bank Trust, N.A., brings this action against David M. Yeaton, asserting claims for Breach of Note (Count One); Breach of Contract, Money Had and Received (Count Two); Quantum Meruit (Count Three); Unjust Enrichment (Count Four); and Equitable Mortgage (Count Five). Yeaton failed to timely file an answer to the complaint and was defaulted on August 20, 2019. U.S. Bank Trust moves for default judgment (ECF No. 13).

I.  DISCUSSION

U.S. Bank Trust's complaint alleges the following facts. On May 31, 2007, Yeaton executed a promissory note in the amount of $135,000.00 and delivered it to American Brokers Conduit. To secure the note, Yeaton executed a mortgage on his property at 370 Elm Street in Mechanic Falls, Maine, in favor of American Brokers Conduit. U.S. Bank Trust later became the lawful holder of the note, but it never

1

obtained a valid assignment of the corresponding mortgage. Yeaton defaulted on the note and mortgage in May 2013 and failed to cure his default within the statutory right-to-cure period. *See* 14 M.R.S.A. § 6111 (West 2020).

Under *Bank of America, N.A. v. Greenleaf*, 96 A.3d 700 (Me. 2014), U.S. Bank Trust does not have standing to foreclose on the property because it did not obtain a valid assignment of the mortgage. *Id.* at 706, 708. U.S. Bank Trust admits that the mortgage is unenforceable under *Greenleaf*, but it asks the Court to impose an equitable mortgage in its favor. U.S. Bank Trust relies on a line of cases that imposed equitable mortgages where the parties intended but failed to create a legally enforceable mortgage. For example, in *Stinchfield v. Milliken*, 71 Me. 567 (Me. 1880)—a nineteenth-century decision—the Law Court found an equitable mortgage where the parties' mortgage agreement was technically defective. *Id.* at 569–70. In *Smith v. Diplock*, 144 A. 383, 127 Me. 452 (Me. 1929), the Law Court imposed an equitable mortgage in the absence of a written mortgage agreement where a debtor gave an absolute deed to his creditor as security for a debt. *Id.* at 385–86, 389–90, 127 Me. at 454–57, 466. In these and other cases, the Law Court examined the transaction between the debtor and the creditor "at its inception" to determine whether an equitable mortgage was appropriate. *Id.* at 386, 127 Me. at 457, 458; *see also Fulton v. McBurnie*, 180 A. 921, 922, 134 Me. 6, 8 (Me. 1935); *Hawes v. Williams*, 43 A. 101, 103, 92 Me. 483, 490 (Me. 1899); *Lewis v. Small*, 71 Me. 552, 553 (Me. 1880).

Here, U.S. Bank Trust does not assert that the original mortgage agreement between Yeaton and American Brokers Conduit was defective in any way. Nor does

U.S. Bank Trust assert that it had a separate agreement with Yeaton that was intended to create a mortgage on the property. Because there is no evidence of any agreement that, at its inception, was intended but failed to create a legally enforceable mortgage, the caselaw U.S. Bank Trust relies on does not support the relief it seeks. U.S. Bank Trust provides no additional case authority suggesting that an equitable mortgage may be judicially imposed to enforce a note that was originally accompanied by a legally enforceable mortgage but was later separated from that mortgage.

To the extent that U.S. Bank Trust contends that an equitable mortgage is available as a remedy for defective mortgage assignments as well as defective mortgage agreements, the Law Court's decision in *Beal Bank USA v. New Century Mortgage Corp.*, 217 A.3d 731 (Me. 2019), is dispositive. In *Beal Bank*, the Law Court held that a noteholder's equitable interest in the corresponding mortgage "does not equate to actual ownership of the mortgage" and does not justify an equitable assignment of the mortgage. *Id.* at 735 (emphasis omitted). The equitable mortgage U.S. Bank Trust seeks, like the equitable assignment at issue in *Beal Bank*, is "fundamentally at odds with [the] holding in *Greenleaf*." *Id.* at 735 (emphasis omitted); *see also U.S. Bank, N.A. v. Tuttle*, No. 2:19-cv-00280-JAW, 2019 WL 6842535, at *5 & n.7, *7 (D. Me. Dec. 16, 2019). Thus, under the facts presented, U.S. Bank Trust has not established that it is entitled to an equitable mortgage.

## II.  CONCLUSION

For the foregoing reasons, the motion for default judgment (ECF No. 13) is **DENIED** as to Count Five (Equitable Mortgage). The Clerk is directed to schedule

a telephonic status conference with counsel to discuss proceedings relating to the remaining counts of the complaint.

    **SO ORDERED.**        **Dated:  April 28, 2020**

                                              **/s/ JON D. LEVY**
                                      **CHIEF U.S. DISTRICT JUDGE**